## HENRY v. PELICAN COLD STORAGE & WAREHOUSING CO., Limited.
### No. 15058.

Court of Appeal of Louisiana. Orleans.
April 29, 1935.

Merrick, Schwarz, Guste, Barnett & Redmann, of New Orleans, for appellant.

Edward Rightor, of New Orleans, for appellee.

JANVIER, Judge.

Orloff Henry, a graduate consulting engineer, alleging that he had been employed to give expert advice as to the proper method to be adopted to effect the safe demolition of a structure owned by defendant corporation, that he gave such advice, that his services were worth at least $350, and that defendant has refused to pay the said amount, seeks judgment against defendant in the sum set forth.

Defendant admits that plaintiff was employed, but maintains that the amount claimed is excessive. It avers that it tendered $100 in full settlement for the services rendered' and that this tender was refused, and it prays that judgment be rendered for not more than $100 and that plaintiff be required to pay all costs.

In the district court there was judgment in favor of plaintiff for the amount claimed, to wit, $350, and defendant has appealed.

The building in question was 28 feet high, 60 feet in width, and 192 feet in length. Plaintiff testified that, when employed, he examined the structure and that he concluded that there were possible complications which might make the demolition dangerous and that he advised as to what method he thought should be employed. He states that on various occasions during a period of some fifteen days he visited the building and devoted in all some fifty hours to the work. In support of the value of his services he called as a witness Mr. J. Frank Coleman, an engineer admitted by defendant to be eminent in his profession and to be recognized over the entire country as one of the outstanding experts. He also placed on the stand Mr. P. H. Quinlan, a civil engineer of fifteen to twenty years' experience.

Mr. Coleman stated that, though he had not seen the building, its condition had been described to him and the services rendered by Mr. Henry had been explained to him. He testified that for such services a charge of $350 is very moderate. When asked if the said charge was reasonable, he said: "A less than reasonable fee, yes, sir."

Mr. Quinlan testified that as engineer for the city of New Orleans he had condemned the building and had ordered that "it be demolished as soon as possible." He said that he was familiar with its condition and that the charge made by Mr. Henry was most reasonable. In fact, he said that a charge of $650 would, in his opinion, be a proper fee.

As against the testimony of these two experts defendant placed on the witness stand Mr. T. H. Jensen and Mr. H. B. Howland. When asked what he considered the value of Mr. Henry's services, Mr. Jensen said: "I have no idea of that." Mr. Howland, who was not a graduate engineer, had had considerable practical experience. He testified that from what he was able to see after the building had been demolished a reasonable charge for the work done by Mr. Henry would have been $10.

It thus appears that of the two experts relied upon by defendant one valued the services of plaintiff so low as to make his estimate entirely worthless and the other admitted that he had no idea of the value of the services rendered.

In view of the fact that the trial court found for plaintiff and that the testimony of the experts substantially preponderates in favor of plaintiff, we see no reason to disturb that finding. In his reasons for judgment our brother of the district court said:

"Now, in professions, the Court has to take the testimony of men learned in those professions as to what is a fair and reasonable charge, except in the case of services rendered by lawyers, under the eye of the Court. In such cases, the jurisprudence is that the Judge can avail himself of the testimony of members of the bar if he sees fit so to do, but as he, himself, is considered in such cases an expert, he is at perfect liberty to decide the question of quantum on his own expert knowledge, where the services, as I said before, were rendered under his eye. In professions such as medicine, surgery, chemistry, engineering and other learned professions, the Judge is not supposed, he is not presumed, to know anything of the value of such services, and then he is thrown entirely upon the testimony received by him in the trial of the cause.

"In this case, the plaintiff, himself, a graduated and qualified engineer, swears that the bill that he rendered was not only fair and reasonable, but less than fair and reasonable; Mr. Coleman, one of the noted engineers of this country, swears to the same effect, and Mr. Quinlan, a graduated and experienced engineer, swears to the same effect. As against that, I have only the testimony of Mr. Jensen and Mr. Howland neither of whom are graduated engineers. The conse-

quence is that the preponderance of evidence is with the plaintiff. I have nothing to do, it seems to me, except to give judgment in accordance with the preponderance of the evidence, there being no question whatever of law involved."

We quite agree that there is nothing which can be done in a case of this kind except to follow the opinions rendered by experts where those opinions are not plainly at variance with the facts.

The judgment appealed from is affirmed.

Affirmed.